IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Norris L. Sellers, | ) | C/A No.:  3:11-2803-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Giant Cement Holding, Inc., d/b/a Giant Recovery Services, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Norris L. Sellers ("Sellers") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), alleging race discrimination by his former employer, Giant Cement Holding d/b/a Giant Recovery Services ("Defendant"). This matter is before the court on Defendant's motion for summary judgment filed on September 21, 2012 (ECF No. 25). Plaintiff filed a response on October 23, 2012 (ECF No. 37) and Defendant filed a reply on November 2, 2012 (ECF No. 38).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she recommends that this court grant the Defendant's motion for summary judgment. The Report and Recommendation sets forth the relevant facts and standards of law in this matter, and the court incorporates such without a recitation. Plaintiff

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

has filed objections to the Report (ECF No. 43), and thus this matter is ripe for review.

Like the Defendant's motion, the Magistrate's Report and Recommendation focuses on the *McDonnell-Douglas* burden-shifting test, which places upon the Plaintiff the ultimate burden of proving intentional discrimination by the Defendant. Under *McDonnell-Douglas*, Plaintiff must first establish by a preponderance of the evidence a prima facie case of discrimination. If Plaintiff establishes a prima facie case, the burden shirts to Defendant to produce a legitimate, nondiscriminatory reason for the disparate treatment. This is merely a burden of production, not of persuasion. Once Defendant has met its burden of production by producing its legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination *vel non*." That is, the burden shifts back to Plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by Defendant is not its true reason, but mere pretext for discrimination.

As the Magistrate's Report and Recommendation points out, Plaintiff fails to meet either of his burdens under *McDonnell-Douglas*. First, he fails to establish a prima facie case of race discrimination, which requires a showing that: (1) he is a member of a protected class; (2) he was performing satisfactorily; (3) he suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Specifically, the Plaintiff does not demonstrate that he was performing satisfactorily, nor that similarly situated employees received more favorable treatment. Second, Defendant has submitted a legitimate, nondiscriminatory reason for Plaintiff's dismissal, and Plaintiff has failed to prove pretext.

Plaintiff submits a number of different arguments in his Objections, considered here in turn. First, Plaintiff posits that the Magistrate Judge erred in failing to consider his affidavit, which Plaintiff argues reflects his personal knowledge of the racially discriminatory practices of Defendant's Sumter Lab. Plaintiff provides little to support consideration of his affidavit other than some persuasive authority from other circuits, as well as an unpublished Fourth Circuit opinion noting that a court may consider a defendant's affidavit where it "was not conclusory, did not contradict the affiant's earlier sworn testimony, and set forth specific facts of which the affiant had personal knowledge, rather than mere generalities." As the Magistrate Judge points out, however, there is little in the affidavit that speaks to specific, objective facts not otherwise in the record. Indeed, much of the affidavit at issue is of a speculative nature, and is of little value in establishing anything more than what is alleged in the Complaint.

Next, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff did not establish the second element of a prima facie case of discrimination. Specifically, Plaintiff alleges that the Magistrate should have taken into consideration that Plaintiff's performance problems only arose after Rivers became his supervisor. This is an essentially irrelevant distinction, but it is also erroneous. Plaintiff was criticized in his November 18, 2004 evaluation, as well as in his November 23, 2005 evaluation. Plaintiff was also criticized after Rivers stopped working, and, in fact, Plaintiff was fired some time after Rivers left the Sumter Lab. Moreover, that a supervisor has more stringent expectations than others does not matter for the purposes of the *McDonnell-Douglas* analysis. Plaintiff also argues that the

3

Magistrate Judge improperly discounted the credibility of Plaintiff's evidence, again citing his affidavit. For the reasons discussed above, the Magistrate Judge's decision on that matter was proper.

Finally, Plaintiff argues that the Magistrate Judge should have given considered the testimony of Joe Stinney, who was Plaintiff's previous supervisor. While Stinney's testimony is not irrelevant, it is not appropriate for consideration at this juncture because Stinney was not the Plaintiff's supervisor at the time in question. The Magistrate Judge is was correct in noting that the opinion of a plaintiff's co-workers that "[she] did a good job, or that [she] did not 'deserve' [to be discharged], is close to irrelevant."

Plaintiff's next argues that the Magistrate Judge erred in finding that Charlie Taylor and Ron Siau were adequate comparators for the purposes of *McDonnell-Douglas*. This contention is without merit. Charlie Taylor is simply not similarly situated to Plaintiff. Taylor occupied a different position, and moreover it was Plaintiff's responsibility to train him. As the Magistrate Judge points out, "the similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." Moreover, it is not uncommon for a superior to be held responsible for the failings of those for whom he or she is responsible. Thus, that Plaintiff was disciplined more harshly than Taylor is not surprising, nor does it implicate the third prong of *McDonnell-Douglas*. Siau is likewise dissimilarly situated. Although Siau holds the same position as Plaintiff, he was not involved in the September 11, 2009 incident, the most important event at issue. As Plaintiff himself points out, "[t]he key inquiry is whether the positions are

4

similar in the respects that are *relevant* to the alleged disparate treatment." Clearly, Plaintiff and Siau were not similar in respects that are relevant.

Next, Plaintiff contends that in evaluating the fourth element of Plaintiff's prima facie case, the Magistrate Judge erred by failing to consider that Plaintiff was replaced by a white male. While it is true that the Report and Recommendation under review does not mention this fact, this omission does not require a different result. Quite simply, the Magistrate Judge was not required to consider the race of Plaintiff's replacement because she had already determined, under well-established law, that the Plaintiff was not performing his job satisfactorily. Thus, the failure to mention race of the Plaintiff's replacement is not a basis for disturbing the Report and Recommendation.

Plaintiff next contends that the Magistrate Judge erred in holding that the Plaintiff did not establish pretext. Much of the Defendant's objection memorandum is devoted to this issue. The Magistrate Judge, having first found that the Plaintiff had failed to establish a prima facie case, nevertheless proceeded to consider the question of pretext and found that the Plaintiff had been unable to carry his burden on this issue. The Magistrate Judge was obviously convinced by the record in this case that the Plaintiff was terminated for his failure to meet his supervisors' expectations and for failure to improve his performance after numerous warnings, counseling sessions, and a thirty-day probationary period. Plaintiff concedes that this is a legitimate, non-discriminatory reason for termination, thus accepting the burden of proving by a preponderance of the evidence that the legitimate reason produced by the Defendant is not its true reason, but was a pretext for discrimination. On this issue,

5

the Magistrate Judge did not attribute much weight to what she determined were self-serving statements by the Plaintiff. The Magistrate Judge rejected the Plaintiff's argument that "the sheer volume of the write-ups" could be inferred to suggest that Rivers was trying to build a case against the Plaintiff so that he could terminate him for racial reasons. As the Magistrate Judge points out, "building cases" against under-performing employees does not demonstrate a discriminatory animus. Indeed, in many race discrimination cases before this court, the Plaintiff advances the exact opposite argument; that is, that there were no warnings made along the way, thereby giving rise to an inference of racial discrimination. This court agrees with the Magistrate Judge that the well-documented warnings and reprimands issued to the Plaintiff are not proof of pretext.

The court will acknowledge that Rivers apparently expressed his displeasure with Stinney for hiring students from Morris College, a predominantly African-American school. This fact, standing alone, is not enough to carry the burden of showing pretext.

Plaintiff next argues that the Magistrate Judge erred in holding that the Plaintiff's pretext argument was undercut by evidence showing that he responded to his poor performance evaluations on several occasions, and never suggested that race was a factor at the time. The court agrees that this factor would be more important if this case were a case about retaliation, which it is not. The court agrees with the plaintiff that this factor is of little significance. But even after discounting it from the record in this case, this court concludes that there is still not sufficient evidence to show pretext.

6

Finally, plaintiff contends that the Magistrate Judge erred in holding that in asserting his discrimination claim, Plaintiff simultaneously alleged that the true motivating factor for his termination was something other than racial discrimination.

The Magistrate Judge relied upon *Lightner v. City of Wilmington*, 545 F.3d 260 (4th Cir. 2008) and *Shivers v. S.C. Dept. of Corr.*, C/A No. 3:09-3357 2011 WL 4549266 (D.S.C. Sept. 1, 2011), for the proposition that summary judgment is appropriate because "where plaintiff alleges discrimination claims under Title VII and simultaneously alleges that the true motivating factor before the employer's allegedly wrongful actions was something other than a prohibited factor under Title VII." (R&R at 19).

In making this observation, the Magistrate Judge noted that the Plaintiff had, at least one time, acknowledged that Rivers's actions towards him "*may* have stemmed from his [Rivers's] ongoing battle with cancer." (R&R at 20). Plaintiff suggests that *Lightner* and *Shivers* presented factual situations quite different from the one presented here. The court will acknowledge that these two cases do involve fact patterns where the complaining plaintiff had at various times attributed the adverse employment action to other factors. The fact remains, nevertheless, that the plaintiff did allow it one time that Rivers's cancer may have played a part. Even if the facts of this case are not as strong as the situations presented in Lightner and Shivers, it is still a factor that the Magistrate Judge properly considered and certainly did not represent the central point on which the decision turned. It was simply an additional factor, considered along with all the other factors, which led the Magistrate Judge to conclude that the Plaintiff's claim lacks merit.

For all the foregoing reasons, the Report and Recommendation of the Magistrate Judge is adopted and incorporated herein by reference. All objections are hereby overruled, and the defendant's motion for summary judgment (ECF No. 25) is hereby granted.

IT IS SO ORDERED.

August 14, 2013                              Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge